THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MARCOS MONTALVO VÁZQUEZ, Defendant and Appellant.

No. 14885. Argued November 6, 1950.—Decided November 30, 1950.

*Dolores L. Leguillou Ñeco* for appellant. *Vicente Géigel Polanco, Attorney General,* and *Frank Vizcarrondo Vivas, Assistant Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

Appellant herein was convicted by the court without a jury of a subsequent offense of forgery and sentenced to serve from 10 to 14 years in the penitentiary. The previous conviction which served as a basis to classify the offense as a subsequent offense was a sentence of one-year imprisonment in the penitentiary imposed on the defendant for grand larceny on July 23, 1934 by the District Court of Aguadilla. On appeal, just as he did in the lower court, appellant contends that the aforesaid judgment could not serve as a basis

to classify the offense as a subsequent offense, inasmuch as he was not assisted by counsel in the former action, the trial judge in the case at bar having erred in not eliminating the charge of subsequent offense on the ground that the judgment of the District Court of Aguadilla could not be indirectly set aside.

 Appellant herein challenged in the lower court the validity of the judgment of July 23, 1934. That was his only defense. To that effect he testified that he was sentenced to serve one year in the penitentiary as hereinbefore stated; that he was not assisted by counsel and that the judge who presided in said case did not inform him of his right to be assisted by counsel. He then introduced in evidence a certified copy of the minutes and of the judgment in said proceeding. It appears therefrom that on July 23, 1934 appellant herein appeared before the District Court of Aguadilla in an action for grand larceny, personally and without counsel, waiving trial by jury and his right to be sentenced at another date entering a plea of guilty of the offense of grand larceny charged in the information. It does not appear either from the minutes or from the judgment that he was advised of his right to be represented by counsel nor that he waived said right in any way.

The Assistant *Fiscal* agrees, citing *Ex parte Hernández*, 54 P.R.R. 396 and *Ex parte Rodríguez*, 55 P.R.R. 403, that under the circumstances of this case the District Court of Aguadilla lacked jurisdiction and that the sentence of one year entered in said action is therefore null and void, acquiescing in the setting aside of the sentence of 10 to 14 years' imprisonment in the penitentiary in the case at bar and that the case be remanded to the lower court in order that a new judgment be entered for the offense of forgery without taking into consideration the condition of a subsequent offense.

We agree. Appellant herein could challenge in the lower court the validity of the former judgment. *González v. Ri-*

*vera, Warden, ante,* p. 735 and *Gayes v. New York,* 332 U. S. 145, 91 L. Ed. 1962. And the uncontradicted evidence clearly indicates that the requisites of law were not complied with in the former action and that the appellant did not have therein the due assistance of counsel, wherefore the judgment on which the allegation of a subsequent offense was grounded is void.

Consequently, the judgment of 10 to 14 years' imprisonment in the penitentiary imposed on the appellant will be vacated and the case remanded to the lower court in order that it enter a new judgment for the offense of forgery without taking into consideration the condition of a subsequent offense.